The United States District Court for the Southern District of Alabama has ruled in a final, unappealed judgment that bias on the part of the pretermination decision-maker did not constitute a denial of the due process guaranteed by the United States Constitution because there existed adequate post-deprivation remedies in the form of a Personnel Board review and ultimately a certiorari or common-law review by an Alabama court. That legal holding is the law of the case. Blumberg v. Touche,Ross Co., 514 So.2d 922 (Ala. 1987). Therefore, that takes this Court's holding in Stallworth v. City of Evergreen, 680 So.2d 229 (Ala. 1996), out of play in this case. Out of the great respect that I have for Senior District Judge W.B. Hand, the judge who ruled in this case; and after studying an article entitled "Alabama Supreme Court Contravenes United States Supreme Court Due Process Jurisdiction: Stallworth v. Cityof Evergreen," 49 Ala. L. Rev. 1081 (Spring 1998), I will consider overruling Stallworth, which I wrote, when the issue presented inStallworth comes before this Court again.
In this case, we are dealing with due process as guaranteed by the Constitution of Alabama of 1901 (not by the United States Constitution).
I cannot accept the majority's conclusion that "`the governmental interest in the expeditious removal of unsatisfactory employees and the avoidance of administrative burdens' of conducting a `mini-trial' to educate an impartial decision-maker outweighs the private interest in `retaining employment' and `the risk of an erroneous termination,'" 788 So.2d at 153, because the Constitution of Alabama of 1901 provides, in Art. I:
 "That the great, general, and essential principles of liberty and free government may be recognized and established, we declare:
". . . .
"Sec. 35. Objective of government.
 "That the sole object and only legitimate end of government is to protect the citizen in the enjoyment of life, liberty, and property, and when the government assumes other functions it is usurpation and oppression."
(Emphasis added.)
Clearly, Officer Duggan has a "property" right in his job, which the majority of this Court is willing to have taken away from him by a possibly biased hearing *Page 155 
officer because to permit that is expeditious and provides a means of avoiding administrative burdens. This outweighs Duggan's right to retain employment and his right not to be deprived of his employment by an erroneous termination? To me, § 35 of the Constitution is made of sterner stuff.
Maddox, J., concurs.